IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SHELDON LEE MITCHELL                                              PLAINTIFF

v.                       No. 3:14-cv-58-DPM

AVERY DENNISON CORP.; EPOPLEX,
a Division of Stonhard L.P.; and
TRAF-MARK INDUSTRIES LLC                                        DEFENDANTS

ORDER

**1.** Taking all the facts alleged in the complaint as true, Mitchell's claim against Traf-Mark is time-barred. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Arkansas law provides a four-year statute of repose for personal-injury claims arising from improvements to real property. ARK. CODE ANN. § 16-56-112(b)(1). Mitchell sustained serious injuries in March 2011 when a pavement marker detached from Interstate 40, came through a windshield, and hit him in the forehead. *№ 1 at ¶¶ 11, 14-16.* Mitchell claims that Traf-Mark was negligent in installing the pavement marker and supervising its employees. *№ 1 at ¶¶ 56-57.* Mitchell alleges that Traf-Mark installed the pavement marker in May 2003. *№ 1 at ¶¶ 10 & 53.* He filed this case almost eleven years later. On the face of the complaint, Mitchell's claim against Traf-Mark is too

late under the statute of repose. *Rogers v. Mallory*, 328 Ark. 116, 120, 941 S.W.2d 421, 423 (1997); *Carlson v. Kelso Drafting & Design Inc.*, 2010 Ark. App. 205, at *5, 374 S.W.3d 726, 729 (2010).

**2.** Two other points. First, Traf-Mark preserved this defense in its answer. FED. R. CIV. P. 12(h)(2); *№ 3 at ¶ 31*. Elaborating on it with a prompt and separate motion to dismiss was good practice, not an untoward early run at summary judgment. Second, Mitchell makes an embedded request to amend, but has not explained particulars. It seems unlikely, given the installation date, that Mitchell can plead his way around the statute of repose. But he may move to amend, with an attached proposed complaint—highlighting any additions and deletions—by 30 June 2014. All his negligence claims against Traf-Mark are dismissed without prejudice for now; if he does not propose any amended complaint, or if the Court does not approve one he does propose, then the dismissal will ripen into one with prejudice. Another Order will issue in either event.

Traf-Mark's motion to dismiss, *№ 20*, is granted.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 June 2014